UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLYDE E. VANCE,

               Plaintiff,                 Case No.11-15672

vs.                               HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (# 19), OVERRULING
PLAINTIFF'S OBJECTIONS (#20), GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (# 17), DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (# 12), AND DISMISSING PLAINTIFF'S CLAIMS

I.      INTRODUCTION

      This matter is before the court on the parties' cross-motions for summary judgment

as to plaintiff Clyde E. Vance's claim for judicial review of the ALJ's decision finding plaintiff

not disabled and affirming defendant Commissioner of Social Security's denial of plaintiff's

application for Supplemental Security Income ("SSI") under the Social Security Act.  The

matter was referred to Magistrate Judge Steven Whalen, who issued a report and

recommendation on February 21, 2013, recommending that Mr. Vance's motion be denied

and defendant Commissioner's motion be granted.

II.     PROCEDURAL AND FACTUAL HISTORY

      Mr. Vance filed an application for SSI benefits on November 3, 2009 alleging

disability as of March 1, 2007.  After his application was denied, Mr. Vance requested a

hearing before an Administrative Law Judge ("ALJ").  On July 7, 2011, after holding a

hearing on Mr. Vance's claims, ALJ JoErin O'Leary issued a decision finding Mr. Vance not

disabled.  The ALJ found that plaintiff retained the Residual Functional Capacity ("RFC")

for exertionally light work with the following additional limitations:

> [L]imited to lifting and/or carrying up to 10 pounds on an occasional or
> frequent basis.  He cannot reach above shoulder level bilaterally.  He cannot
> kneel, crawl, or climb ladders, ropes or scaffolds.  He must avoid all exposure
> to unprotected heights or dangerous moving machinery.  He is unable to
> work with the general public.  He is limited to simple and routine tasks and
> he must be given verbal instructions as he is restricted from work that
> requires reading.

(Tr. 15).  Citing the Vocational Expert's findings, the ALJ found that plaintiff could not

perform any past relevant work but could work as an assembler or inspector.  (Tr. 19-20).

The Appeals Council of the Social Security Administration denied Mr. Vance's

request for review of the ALJ's decision on November 21, 2011, "at which point the ALJ's

decision became the final decision of the Commissioner of Social Security." *Wilson v.

Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).  Mr. Vance

initiated this civil action with the court for review of the Commissioner's final decision

pursuant to 42 U.S.C. § 405(g) on December 28, 2011.

## III.   ANALYSIS

The standard of review to be employed by the court when examining a report and

recommendation is set forth in 28 U.S.C. § 636.  This court "shall make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This court "may

accept, reject or modify, in whole or in part, the findings or recommendations made by the

magistrate."  *Id.*

-2-

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Once an ALJ determines that a claimant does not possess the RFC to perform his or her past relevant work, the burden shifts to the Commissioner "to show that plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy."  *Varley v. Sec'y of Health and Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987).  The Commissioner may rely on a vocational expert's testimony in response to a hypothetical question to meet this burden.  Id.  "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments."  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

Plaintiff objects to the magistrate judge's conclusion that the ALJ's hypothetical residual functional capacity ("RFC") properly accounted for plaintiff's moderate difficulties in concentration, persistence, or pace.  Specifically, plaintiff objects that the records in evidence cited by the magistrate judge in support of the ALJ's RFC are not mentioned in the ALJ's decision, but are "actually post hoc findings based on evidence that the ALJ failed

to properly evaluate when determining the RFC in the final decision of the administration. (Objections, p. 2).

Whether or not remand is appropriate due to the absence of a pace and concentration limitation in a hypothetical question rests upon consideration of the record as a whole to determine if the ALJ's decision was supported by substantial evidence. *See Hess v. Comm'r of Soc. Sec.*, 2008 WL 2478325, at *7 (E.D. Mich. 2008). In *Hess*, a consulting psychiatrist determined that the claimant suffered from moderate "difficulties in maintaining concentration, persistence or pace." *Id.* at *4. The court found that it was reasonable for the ALJ to omit concentration, persistence and pace limitations in the hypothetical because the same consulting psychiatrist also opined that the claimant "retains the ability to do unskilled tasks on a sustained basis noting that [the claimant] will work better in a low stress environment with minimal changes in the workplace setting." *Id.* at *8. Specifically, the court held that:

> Having adopted Dr. Marshall's discrete finding that Plaintiff experienced moderate limitations, the ALJ also reasonably adopted Dr. Marshall's more detailed conclusion as to the Plaintiff's functional capacity for work, forming the basis for both the hypothetical question and RFC. Plaintiff's argument for the selective adoption of Dr. Marshall's "moderate" limitations without considering his ultimate conclusion would amount to a distortion of the record. Likewise, Dr. Marshall's observation that Plaintiff experienced a moderately impaired ability to be punctual and complete her work without psychologically based interruptions must be analyzed alongside his conclusion that Plaintiff was capable of a limited range of light work.

*Id.* at *8. Similarly, in the present case, Dr. Marshall (coincidentally the same psychiatrist involved in *Hess*) concluded that while Mr. Vance "may need some repetition of instruction until tasks become[] routine," he retained the ability "to do rote tasks" and follow "simple instructions" (Tr. 492).

-4-

The records from plaintiff's initial interview with SSA in November 2009, state that he experienced problems with understanding and concentration (Tr. 126)  However, the treating notes from January 2009 state that plaintiff did not exhibit limitations to his concentration other than impairments in remote memory (Tr. 303).  Treating notes from August 2009 describe plaintiff as "mentally clear" (Tr. 216).  In March 2010, Dr. Lombardo Ph.D., evaluated plaintiff and observed that thought processes were "well organized and pertinent" (Tr. 469).  Dr. Lombardo concluded that "[d]ue to defects in working memory, he may need some repetition of instructions until the task becomes routine for him to perform" (Tr. 471).

It was reasonable for the ALJ to exclude a pace and concentration limitation in the hypothetical because none of the treaters concluded that plaintiff was unable to perform work due to his concentration difficulties.  The ALJ's hypothetical question, stating that plaintiff can perform "simple, routine tasks, with verbal instructions, and no reading required" is supported by the record as a whole and reflects Dr. Marshall's and the other treaters' and evaluators' relevant limitations. *See Hess* at *8; *Chartier v. Comm'r of Soc. Sec.*, 2008 WL 795873, at *4 (E.D. Mich. 2008).

With regard to plaintiff's argument that the magistrate judge improperly supplemented the ALJ's evaluation of the evidence by citing records that the ALJ could have relied upon but did not, the court finds that the ALJ's decision is within the "zone of choice" accorded to the fact-finder at the administrative hearing level, and that the magistrate judge did nothing improper in considering the evidence of record as a whole. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

**IV.     CONCLUSION**

Accordingly, Plaintiff's objections are OVERRULED.  Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Whalen's report and recommendation, GRANTS defendant Commissioner's motion for summary judgment, DENIES plaintiff Vance's motion for summary judgment and DISMISSES plaintiff's complaint with prejudice.

SO ORDERED.

Dated:  March 19, 2013

                                                    s/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 19, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

-6-